## Hill v. British and Foreign Marine Insurance Co., Limited.

*Automobile insurance—Valued policy—Power of adjuster to bind by agreement to pay full insured value.*

1. When an automobile policy definitely states the value of the machine insured, it is a valued policy and fixes the value the property insured as a standard in case of total loss, notwithstanding the fact that there are provisions in the policy relative to the determination of the loss, the amount to be paid, the right of the company to make repairs, and, in case of dispute between the parties, for arbitration, as these clauses apply only to cases in which the loss is partial.

2. An insurance policy in which the property insured is valued at practically 20 per cent. under its cost price at the time of the issuance of the policy is not a gambling contract.

3. It is within the implied powers of an adjuster of losses to bind an insurance company by an agreement that if the automobile insured were not repaired to the satisfaction of the owner, the company would pay the full insured value of the machine.

4. A provision in the policy that sixty days must elapse between the proof of loss and the bringing of the suit does not apply where the insured and the adjuster have reached an agreement by which the company is to pay the full insured value of the property destroyed, and the company refuses to make such payment; in such case, suit may be brought by the insured as soon as the company repudiates the agreement made by the adjuster.

Motions for new trial and judgment *n. o. v.* C. P. No. 5, Phila. Co., March T., 1922, No. 7648.

*J. Maurice Gray*, for plaintiff; *A. S. Arnold*, for defendant.

McPHERSON, P. J., 51st judicial district, specially presiding, Sept. 28, 1923.—The reasons for a new trial filed in this case raise two questions: (1) Whether or not the policy in question was a valued policy; and (2) whether, if a valued policy, the alleged agreement between the adjuster of the defendant and the plaintiff that, in case the automobile injured were not repaired to the satisfaction of the plaintiff, the defendant would pay the full insured value of the machine, was within the authority of the adjuster.

The machine insured was a new machine at the date of the insurance, for which the plaintiff had paid the sum of $8000, and which the policy stated was of the value of $6500. Shortly before the expiration of the term of the insurance, a new policy on the machine, of a type somewhat different from the original policy sued on, was issued, and the limit of insurance granted under this policy was $3000. The theft of the machine and the ensuing accident thereto occurred a few days before the expiration of the original term of the policy. It is urged by the defence that the valuation of the machine in the policy, under a proper construction thereof, was merely a statement of the then value of the machine, and was not intended to fix the value of the property insured as a standard of loss in case of a total loss.

After a careful consideration of the arguments of the defendant and the plaintiff, we are of the opinion that no error was committed by the court in construing this policy as a valued policy. We can imagine no reason for the insertion of this valuation clause, except to fix, as between the parties, the worth of the property insured in case of a total loss. The subsequent provision of the policy relative to the determination of the loss, the amount to be paid under the policy, the right of the company to make repairs, and, in case of a dispute between the parties, the provision for an arbitration, do not persuade us that the valuation clause was not inserted for the purpose above stated. All the clauses above referred to were of use to the company and were

applicable to the situation of a partial loss, in which case alone they would seem to have any applicability.

It is contended, further, that a valued policy on an automobile is essentially a gambling contract, because of the wide fluctuations in value of the thing insured between the issuance of the policy and the expiration of its term. It is true that the law of Pennsylvania, because of public policy, does not recognize any insurance contract as valid if it is a gambling contract, either because of the lack of the interest of the insured or because it is a colorable one merely, or, because having a small interest, he much overvalued it in the policy: Prickett *v.* Insurance Co., 3 Yeates, 458. This case has been consistently followed and clearly recognizes the validity of a valued policy which does not offend as indicated therein. No other case has been cited which would lead to the conclusion that a valued policy cannot be written on a piece of property where there may be fairly wide fluctutations of a value during the term of the policy.

Under the facts of this case, we do not feel that an insurance policy which valued the property insured at practically 20 per cent. under the cost price thereof at the time of the issuance of the policy is one of which you could say that the article insured was much overvalued. There would necessarily, during the lapse of the term of the policy, be some depreciation in the value of the article insured by reason of its use. Its extent is not necessarily great, depending largely upon the kind of usage given to the machine, the mileage which it was driven, and the care and attention which the machine would receive at the hands of the insured.

We feel, therefore, that, from the point of view of law, this contract of insurance is a valued policy and is not a gambling contract because of any great overvaluation of the property insured. The premium paid for the policy, too, was at a much higher rate than the rate asked for a non-valued policy, which fact is indicative of the intention of the parties as to its valuation clause. Valued policies have been recognized as valid as applied to live personal property, such as horses, although it is common knowledge that the value of horses may vary, during the term of insurance, just as widely, in proportion, as of automobiles: Foth *v.* Douglass Live Stock Society, 1 Woodward, 346; Garner *v.* North Wales Live Stock Ins. Co., 4 Montg. Co. Law Repr. 207.

We feel that the first question raised by these exceptions cannot be answered favorably to the defendant, and the treatment of the policy as a valued policy at the time of the trial was no error which would be a reason either for a new trial or for judgment *n. o. v.*

Nor do we feel that the court made any error in allowing evidence to be introduced as to the alleged contract of adjustment made between the adjuster and the insured, because the policy being a valued policy, it was within the apparent authority of the adjuster to adjust the loss within the terms of the policy, and to treat the loss, under the contingencies expressed in the contract for adjustment, as a total loss. We have been referred to no case which would hold otherwise, and we are not satisfied that the court was not correct in its position at the time of the trial.

It is further urged on the part of the defendant that the suit was prematurely brought, as sixty days did not elapse between the proof of loss and the time of bringing the suit. There was evidence in the case that the adjuster and the representative of the defendant positively refused to carry out the adjustment on the basis of a total loss, according to the alleged agreement of adjustment made between the adjuster and the plaintiff. The court

instructed the jury that if they found such an adjustment had been made and the contingencies on which the payment of the whole value of the property insured depended had happened, the plaintiff did not bring his suit prematurely, as a positive refusal to pay the insured value of the article was a refusal to carry out the terms of the contract, which relieved the plaintiff from the necessity of waiting for the lapse of the full period before suit could be brought. This position seems to be justified by authority, and we see no reason why the instruction by the court should be considered an error.

We conclude, therefore, that no reversible error has been committed by the court, that the policy is not a gambling contract and, therefore, void, and, in consequence, the motions for a new trial and judgment n. o. v. must be overruled.